**P. D. MARCHESSINI & CO. (NEW YORK), Inc., Plaintiff-Appellant,**

v.

**H. W. ROBINSON & CO., Inc., Defendant-Appellee.**

**No. 476, Docket 32084.**

United States Court of Appeals Second Circuit.

Argued May 2, 1968.

Decided May 9, 1968.

Alvin L. Stern, New York City, (Poles, Tublin, Patestides & Stratakis, New York City; John G. Poles, New York City, of counsel), for appellant.

John H. Cleveland, III, New York City, (Haight, Gardner, Poor & Havens, New York City; Charles Grice McMullan, Jr., New York City, of counsel), for appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

P. D. Marchessini & Co. (New York), Inc., a steamship operator, appeals from a judgment of the District Court for the Southern District of New York dismissing a libel against H. W. Robinson & Co., Inc., a freight forwarder. The libel sought damages of $201,500 for breach of a contract for the shipment of 260 locomotive trucks, weighing 1057 long tons and occupying 156,000 cubic feet of space, from New York to Yokohama. The contract was evidenced by a "booking note" executed on behalf of Robinson by Edward C. Boyens, who was listed in a standard trade publication under Robinson's name and advertisement opposite the rubric "Export Department."

We need not determine whether, despite the absence of any statement in the booking note that Robinson was acting only as agent for an undisclosed shipper, the dealings between the parties did not make this sufficiently plain to Marchessini as to preclude its recovering against Robinson as a principal. See ALI, Restatement 2d, Agency, § 322, § 336, comment d (1958); 2 Williston, Contracts, § 283–85 (3d ed. 1959). Assuming this point in Marchessini's favor, it still had the burden of establishing Boyens' authority to bind Robinson. The absence of actual authority is clear, and the judge was warranted in concluding that Marchessini had not established apparent authority. Although Marchessini's policy was to attempt to obtain signed booking contracts from freight forwarders, Robinson's policy was to avoid such signature. Boyens denied having signed any previous booking notes with Marchessini except on a single occasion when he had specific authority from the shipper and signed in a manner making plain that Robinson was acting solely as agent for a named principal. There was no evidence that he had apparent authority to commit his employer, for a small commission, to

a contract that would entail large liabilities to the steamship operator in the event of default by a client whose conduct was beyond its control.

Affirmed.